NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO CARLOS PEREZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-73668

Agency No. A094-461-242

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Roberto Carlos Perez, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.   Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen.   *Najmabadi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Perez's motion to reopen as untimely and number-barred where he filed his motion more than three years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Perez failed to establish changed circumstances in El Salvador or any other qualification for a regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3); *see also Najmabadi*, 597 F.3d at 987-89 (evidence must be "qualitatively different" from the evidence presented at the previous hearing to warrant reopening). Further, Perez's contention that the BIA failed to consider his evidence is unpersuasive where the BIA discussed the evidence Perez submitted with his motion and explained the reasons for its decision. *See Najmabadi*, 597 F.3d at 990-91.

Finally, we lack jurisdiction to consider the BIA's decision not to invoke its sua sponte authority to reopen. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (court lacks jurisdiction to review BIA's decision not to invoke its sua sponte authority to reopen); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866 (9th Cir. July 12, 2016). We also lack jurisdiction to consider

Perez's contentions challenging the BIA's June 30, 2011 order because Perez did not petition for review of that order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.